Filed 8/28/14  P. v. Ramos CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MOISES RAMOS,<br><br>    Defendant and Appellant. | H040452<br>(Santa Clara County<br>Super. Ct. No. C1122531) |

Pursuant to a negotiated disposition, Moises Ramos (defendant) pleaded no contest to two counts of committing a lewd or lascivious act on a child under the age of 14 by force, violence, duress, menace or fear (Pen. Code, § 288, subd. (b)(1), counts one and five); and two counts of committing a lewd or lascivious act on a child under the age of 14.  (*Id*., § 288, subd. (a), counts eight and nine.)  In exchange for his no contest pleas, defendant was promised a prison term of 26 years, the dismissal of six more counts, and that the court would strike a multiple victim allegation at the time of sentencing.

Subsequently, on November 22, 2013, the court sentenced defendant pursuant to the terms of the negotiated disposition.  The court imposed the upper term of eight years on count eight, a consecutive two-year term on count nine (one third the midterm), a consecutive eight-year term on count one and a consecutive eight-year term on count five.  The court imposed various fines and fees, and awarded defendant 691 days of custody credits and 103 days of conduct credits calculated pursuant to Penal Code section 2933.1.  The court dismissed the remaining charges and struck the multiple victim allegations.

Defendant filed an amended notice of appeal on December 31, 2013, in which he appealed from the judgment on the ground that the court had committed sentencing error.

Defendant's appointed counsel has filed an opening brief in which no issues are raised. Counsel asks this court to conduct an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel has declared that defendant was notified that no issues were being raised by counsel on appeal; that an independent review under *Wende* was being requested; and that defendant was notified that he could file a supplemental brief with this court.

On March 27, 2014, by letter, we notified defendant of his right to submit written argument on his own behalf within 30 days. That time has passed and we have not received a response from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded there are no arguable issues on appeal. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*Id.* at p. 110.) Further, we include information about aspects of the trial court proceedings that might become relevant in future proceedings. (*Id.* at p. 112.)

*Facts and Proceedings Below*[1]

On December 28, 2011, the Santa Clara County District Attorney filed a complaint in which defendant was charged with seven counts of forcible lewd conduct with a child (Pen. Code, § 288, subd. (b)(1), counts 1-7) and three counts of nonforcible lewd conduct. (*Id.*, § 288, subd. (a), counts 8-10.) As to each count there was an allegation that defendant committed the offenses against multiple victims. (*Id.*, § 667.61, subds. (b) & (e).) On July 10, 2012, defendant entered not guilty pleas to all charges. Subsequently, before defendant entered his no contest pleas, he executed an

---

[1]     The facts are taken from the probation officer's report.

2

"ADVISEMENT OF RIGHTS, WAIVER AND PLEA FORM," in which he was advised of and waived his constitutional rights to a jury trial, to present a defense, and to confront witnesses, and his right against self-incrimination. Defendant waived those rights.[2] Defendant was advised that he would have to register as a sex offender, was advised of the immigration consequences of his plea, and was advised that his convictions on counts one, five, eight, and nine each qualified as a strike under the Three Strikes Law. (*Id*., §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

As to the facts underlying defendant's convictions, between 1998 and 2004 defendant committed lewd acts involving four different children who were under the age of 14 years. Count one occurred between 2000 and 2004. Defendant called the victim into a bedroom and forced him to remove his clothing. Defendant pulled down his own underwear and pants and then touched the victim's anus, buttocks and penis with his hands. Defendant tried to penetrate the victim's anus with his penis. Count five occurred between 1998 and 2003. Defendant removed the victim's pants, forced the victim to sit on his lap, and rubbed his penis against her vagina. Count eight occurred between 1998 and 2000. Defendant kissed the victim, who was six years old at the time, on the lips and touched her breasts and vagina. Count nine occurred between 1998 and 2000. Defendant removed the victim's clothing, as well as his own clothing, and rubbed his penis against her vagina.

Upon our independent review of the record, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal. Defendant received the sentence he was promised; and the record indicates that he was informed of and

---

[2]     Defendant was advised of his right to a preliminary examination; defendant waived that right. Defendant's initials appear in the applicable boxes and his signature is on the form. Before defendant entered his pleas, the court confirmed that it was defendant's initials and signature that were on the form. The parties stipulated that there was a factual basis for the pleas based on the police reports.

knowingly and intelligently waived his constitutional rights before he entered his pleas. Further, the fines and fees imposed are supported by the law and the facts.

*Disposition*

The judgment is affirmed.

_____

ELIA, J.


WE CONCUR:




_____

PREMO, Acting P. J.




_____

MIHARA, J.